**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Prager Sodaro, | No. CV-12-0371-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| The Supreme Court of Arizona; the Committee on Character and Fitness of the Supreme Court of Arizona, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Doc. 4). The Court now rules on the Motion.

**I.    BACKGROUND[1]**

Plaintiff has been an Arizona citizen since 1999 and a licensed Illinois attorney since 1986. (Doc. 1 at 5). In five of the seven years preceding 2011, Plaintiff engaged in legal practice on behalf of clients who were not Arizona residents and had no connection to Arizona (except for one case before the Internal Revenue Service). *Id.* at 9-10. In 2011, Plaintiff applied for admission to the State Bar of Arizona pursuant to Arizona Supreme

---

[1] All facts set forth in the Background section of this Order are as alleged by Plaintiff. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (On a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.") (internal quotation and citation omitted).

Court Rule 34(f).

Pursuant to Arizona Supreme Court Rule 34(f), to be admitted to the Arizona State Bar by Motion, Plaintiff "must have been primarily engaged in the active practice of law in one or more states, territories, or the District of Columbia for five of the seven years immediately preceding the date upon which the application is filed." Ariz. R. Sup. Ct. 34(f)(C); *see also* Ariz. R. Sup. Ct. 34(f)(3)(a-c) (defining "active practice of law").

The Arizona Supreme Court Committee on Character and Fitness, which was responsible for processing Plaintiff's application, denied the application on the basis that Plaintiff's prior legal work did not meet the definition for active practice as required by Rule 34(f). (Doc. 1 at 10). Plaintiff alleges that Defendants' definition of "the active practice of law" is unconstitutional, and seeks injunctive relief in the form of admission to the State Bar of Arizona. (Doc. 1 at 2). Defendants now move to dismiss Plaintiff's Complaint because the Eleventh Amendment immunizes them from Plaintiff's suit.

## II.    LEGAL STANDARD AND ANALYSIS

The Eleventh Amendment bars suit against a state unless Congress has abrogated state sovereign immunity or the state has waived it. *Holley v. California Dep't of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010). This protection extends to the agencies and departments of a state. *Id.*

"The Arizona Supreme Court . . . is an 'arm of the state' for Eleventh Amendment purposes." *Lucas v. Arizona Supreme Court Fiduciary Certification Program*, 457 F. App'x 689, 690, 2011 WL 5289774 (9th Cir. 2011); *see also Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). The Committee on Character and Fitness (the "Committee") is created pursuant to Arizona Supreme Court Rule 33. *See* Ariz. R. Sup. Ct. 33.

The Committee's duty to determine the fitness of applicants to the State Bar is an activity of the Arizona Supreme Court, and the Committee has no power beyond that granted to it by the Arizona Supreme Court. Accordingly, it is likewise entitled to Eleventh

Amendment protection. *Cf. Lucas v. Arizona Supreme Court Fiduciary Certification Program*, 09-CV-2599-PHX-NVW, 2010 WL 2573557 (D. Ariz. June 23, 2010), *aff'd*, 457 F. App'x 689 (9th Cir. 2011) (holding that the fiduciary licensure program of the Arizona Supreme Court was an arm of the state).

Here, Plaintiff does not argue that the Arizona Supreme Court or the Arizona Supreme Court Committee on Character on Fitness have waived their immunity, or that Congress has abrogated such immunity. Therefore, the Eleventh Amendment bars Plaintiff from suing these Defendants in federal court, and Defendants' Motion to Dismiss is granted.

### III. LEAVE TO AMEND

Leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). Defendant argues that allowing Plaintiff leave to amend would likely be futile. (Doc. 8 at 2-3). In this case, Plaintiff has not amended the Complaint as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants filed their motion to dismiss on March 12, 2012 (Doc. 14). Because the 21-day time frame to file an amendment following a motion to dismiss has expired, Plaintiff has lost the right to amend the Complaint once as a matter of course. Fed. R. Civ. Proc. 15(a)(1).

However, the Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id.* at 1129 (quoting *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). Because the Court is not prepared to say that Plaintiff could not allege some set of facts that would state a claim upon which relief can be granted against some set of Defendants, the Court will grant Plaintiff leave to amend.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Subject-Matter

- 3 -

Jurisdiction (Doc. 4) is granted, with prejudice as to these claims against these Defendants. The Clerk of the Court shall not enter judgment for Defendants at this time, as the Court is granting Plaintiff leave to amend to add possible other Defendants/claims.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint within twenty (20) days of the date of this Order. If Plaintiff does not file an Amended Complaint within twenty days, the Clerk of the Court shall dismiss the case with prejudice and enter judgment for Defendants.

**IT IS FINALLY ORDERED** that Defendants' Motion to Extend Time for Compliance with Rules 16 and 26 (Doc. 5) is denied as moot. If Plaintiff chooses to amend her Complaint, the Rule 16 and 26 deadlines will be addressed when this Court sets a Rule 16 scheduling conference as permitted by LRCiv. 16.2.

DATED this 19th day of July, 2012.

James A. Teilborg
United States District Judge